UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
U.S. BANK NATIONAL ASSOCIATION, :
*solely in its capacity as Trustee*, :
:
                Interpleader Plaintiff, :
: Civ. Action No. 1-15-cv-10172 (WHP)
              v. :
:
TRIAXX PRIME CDO 2006-1, LTD., *et al.*, :
:
              Interpleader Defendants. :
------------------------------------- x

**ANSWER OF INTERPLEADER DEFENDANT
TRIAXX PRIME CDO 2006-1, LTD.**

       For its Answer to the Interpleader Complaint, Interpleader Defendant Triaxx Prime CDO 2006-1, Ltd. ("Triaxx Prime"), denies any allegations of the Interpleader Complaint not specifically admitted herein.  To the extent the headings, preamble, or plea for relief in the Interpleader Complaint require a response, Triaxx Prime denies the allegations contained therein.  Triaxx Prime does not admit the accuracy of the headings but repeats them below for ease of the Court's review.  All capitalized terms used but not defined have the meanings ascribed to them in the Interpleader Complaint.

       Answering specifically the allegations contained in the numbered paragraphs of the Interpleader Complaint:

**INTRODUCTION**

       1.      To the extent that Paragraph 1 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, Triaxx Prime admits that, pursuant to the Indenture and the Collateral Management Agreement, the Collateral Manager is responsible for supervising and directing the sale of Collateral Debt Securities and the Trustee has no

responsibility regarding the selection of Collateral Debt Securities to be sold and acts solely upon the direction of the Collateral Manager in releasing its lien and custody of Collateral Debt Securities in connection with any sale of Collateral Debt Securities by the Collateral Manager on behalf of Triaxx Prime.

2. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 2.

3. To the extent that Paragraph 3 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. To the extent that Paragraph 4 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 4.

5. To the extent that Paragraph 5 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime admits that U.S. Bank provides corporate trust and other related services to, or on behalf of, Triaxx Prime, and that Triaxx Prime is organized under the laws of the Cayman Islands. To the extent a further response is required, Triaxx Prime does not have sufficient knowledge or information to admit or deny the other allegations of Paragraph 5.

6. To the extent that Paragraph 6 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime denies that it resides within this judicial district and does not have sufficient knowledge or information to admit or deny that any of the defendants reside within this judicial district.

## PARTIES

7. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 7.

8. Triaxx Prime admits that Triaxx Asset Management LLC serves as the Collateral Manager for Triaxx Prime under the Indenture and Collateral Management Agreement. To the extent a further response is required, Triaxx Prime does not have sufficient knowledge or information to admit or deny the other allegations of Paragraph 8.

9. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 9.

10. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 10.

11. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 11.

12. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 12.

13. Triaxx Prime admits the allegations of Paragraph 13.

## BACKGROUND

14. Triaxx Prime admits the allegations of Paragraph 14.

15. Triaxx Prime admits the allegations of Paragraph 15.

16. Triaxx Prime admits the allegations of Paragraph 16, except that all references to Section 1.01 of the Indenture, which does not exist, should instead cite Section 1.1 of the Indenture, where the quoted language appears.

17. To the extent that Paragraph 17 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime respectfully refers the Court to the Indenture for the contents thereof.

18. Triaxx Prime admits that Sections 12.1(a)(ii) and 12.1(b) of the Indenture contain provisions regarding the sale of a Defaulted Security, as that term is defined in the Indenture, and respectfully refers the Court to the Indenture for its terms. Triaxx Prime denies the other allegations in Paragraph 18.

19. To the extent that Paragraph 19 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime respectfully refers the Court to the Indenture for the contents thereof, but denies that there is a Section 12(a)(ii) of the Indenture or that under Section 10.8(a) of the Indenture the Trustee executes the sale of a Defaulted Security by releasing the lien on the Defaulted Security and releasing such asset from its custody.

## THE DISPUTE

20. Triaxx Prime admits that Monthly Reports and Note Valuation Reports prepared and distributed on behalf of the Issuer under the Indenture identify certain Collateral Debt Securities as Defaulted Securities, and otherwise denies the allegations of Paragraph 20, stating by way of further response that the Monthly Reports and Note Valuation Reports were made available to Noteholders and certain other parties but, on information and belief, not sent to Noteholders and other parties.

21. Triaxx Prime admits that it received a carbon copy of a letter dated July 15, 2015, from counsel for South Tryon to Triaxx Asset Management, and respectfully refers the Court to South Tryon's letter for the contents thereof. Triaxx Prime further admits that the number of Defaulted Securities has increased since the May 26, 2015, Note Valuation Report.

22.     Triaxx Prime admits that, on August 14, 2015, the Trustee posted to its online portal a notice from the Collateral Manager to investors in the Triaxx Prime CDO 2006-1 and does not have sufficient knowledge or information to admit or deny the other allegations of Paragraph 22.

23.     Triaxx Prime admits that, in August 2015, the Collateral Manager issued a notice to investors in Triaxx Prime CDO 2006-1 and respectfully refers the Court to the August 2015 Notice for the contents thereof.

24.     Triaxx Prime admits that it had communications with the Collateral Manager during September and October 2015 regarding the Defaulted Securities and denies the other allegations of Paragraph 24.

25.     Triaxx Prime admits that the Collateral Manager notified Triaxx Prime that it was prepared to proceed with a sale of certain Defaulted Securities under Section 12.1(a)(ii) of the Indenture and was in the process of selecting a selling agent to effect the sale of the Defaulted Securities, but denies knowledge or information regarding the date of such notification.

26.     Triaxx Prime admits that the Collateral Manager notified Triaxx Prime on October 2, 2015, that it was preparing the Defaulted Securities for sale and that the details of the sale process, including its timing and mechanics, constituted material non-public information, but denies that the Collateral Manager notified Triaxx Prime on October 2, 2015, that the details of the sale were not confirmed and had not yet been disclosed to any Noteholders or market participants.

27.     Triaxx Prime admits that the Collateral Manager engaged a selling agent, which sent bid packages to potential bidders offering some of the defaulted securities for sale, and does

not have sufficient knowledge or information to admit or deny the other allegations of Paragraph 27.

28. Triaxx Prime admits that on November 19, 2015, Goldman Sachs & Co. sent an e-mail message to the Collateral Manager and respectfully refers the Court to that e-mail for the contents thereof, and denies that Goldman Sachs & Co. sent an e-mail message to the Issuer on or about November 19, 2015.

29. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 29.

30. Triaxx Prime admits that counsel for BlackRock and GoldenTree sent a letter to the Collateral Manager on November 20, 2015, and respectfully refers the Court to that letter for the contents thereof.

31. Triaxx Prime admits that the Collateral Manager canceled the sale of the Defaulted Securities in November 2015 and does not have sufficient knowledge or information to admit or deny the other allegations of Paragraph 31.

32. Triaxx Prime admits that the Collateral Manager wrote a notice to the Noteholders dated December 18, 2015, and that the Trustee posted it to its online portal on December 22, 2015, and respectfully refers the Court to the notice for the contents thereof.

33. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 33.

34. Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 34.

35. To the extent that Paragraph 35 states a legal conclusion, no responsive pleading is required. To the extent a response is required, Triaxx Prime does not have sufficient knowledge or information to admit or deny the allegations of Paragraph 35.

36. Triaxx Prime admits that the Trustee did not bring this action in collusion with Triaxx Prime but does not have sufficient knowledge or information to admit or deny that the Trustee did not bring this action in collusion with any of the other Interpleader Defendants.

Dated: New York, New York
       January 28, 2016

Respectfully submitted,

WILMER CUTLER PICKERING
  HALE and DORR LLP

/s/   Lori A. Martin
Lori A. Martin
Edward Sherwin
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorney for Triaxx Prime CDO 2006-1, Ltd.*