**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *solely in its capacity as Trustee*,<br><br>                  Interpleader Plaintiff,<br><br>    v.<br><br>TRIAXX PRIME CDO 2006-1, LTD., TRIAXX ASSET MANAGEMENT LLC (f/k/a ICP ASSET MANAGEMENT LLC), SOUTH TRYON, LLC, GOLDMAN, SACHS & CO., BLACKROCK FINANCIAL MANAGEMENT, INC., GOLDENTREE ASSET MANAGEMENT LP.,<br><br>                  Interpleader Defendants. | Case No. 15-10172 (WHP) |

**ANSWER OF INTERPLEADER DEFENDANT GOLDMAN, SACHS & CO.**
**TO THE INTERPLEADER COMPLAINT**

      Interpleader Defendant Goldman, Sachs & Co. ("GS"), for its Answer to the Interpleader Complaint (the "Complaint") filed on December 31, 2015 by U.S. Bank National Association ("U.S. Bank" or the "Trustee") alleges upon information and belief as follows:

**INTRODUCTION**

      1.     GS denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, except GS admits that the Trustee commenced this interpleader action with respect to certain collateral Debt Securities held by the

      2.     GS denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint.

      3.     GS denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, except GS admits that the Trustee brought this

action to obtain a judicial determination pursuant to the Collateral Management Agreement and the Indenture.

4. The allegations in Paragraph 4 of the Complaint purport to state legal conclusions as to which no response is required. To the extent that a response is required, GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint purport to state legal conclusions as to which no response is required. To the extent that a response is required, GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of the Complaint purport to state legal conclusions as to which no response is required. To the extent that a response is required, GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admits that GS resides within this judicial district.

7. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that Triaxx serves as the Collateral Manager for the Issuer under the Indenture and the Collateral Management Agreement, and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

9. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. GS denies the allegations contained in Paragraph 10 of the Complaint, except admits that it is a limited liability company organized and existing under the laws of the State of Delaware, and that it is a Holder of Class A-2 Notes and Class B Notes.

11. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## BACKGROUND

14. GS respectfully refers the Court to the Indenture referenced in Paragraph 14 of the Complaint for a complete and accurate statement of its contents.

15. GS respectfully refers the Court to the Indenture referenced in Paragraph 15 of the Complaint for a complete and accurate statement of its contents.

16. GS respectfully refers the Court to the Indenture referenced in Paragraph 16 of the Complaint for a complete and accurate statement of its contents.

17. GS respectfully refers the Court to the Indenture referenced in Paragraph 17 of the Complaint for a complete and accurate statement of its contents.

18. GS respectfully refers the Court to the Indenture referenced in Paragraph 18 of the Complaint for a complete and accurate statement of its contents.

19. GS respectfully refers the Court to the Indenture referenced in Paragraph 19 of the Complaint for a complete and accurate statement of its contents.

**THE DISPUTE**

20. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, except admits that certain Monthly Reports and Note Valuation Reports list certain Collateral Debt Securities as Defaulted Securities.

21. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, except admits that the most recent Monthly Report lists more Defaulted Securities than the May 26, 2015 Note Valuation Report.

22. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, except admits that it belatedly learned of the August 2015 Notice, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

24. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, except admits that on November 18, 2015, GS received a list of a scheduled imminent sale of securities that included the Defaulted Securities.

28. GS admits that it sent an e-mail to the Collateral Manager and Issuer on November 19, 2015, and it respectfully refers the Court to the November 19, 2015 e-mail referenced in Paragraph 28 of the Complaint for a complete and accurate statement of its contents.

29. GS admits that it sent a letter to the Collateral Manager, copying the Trustee, on November 20, 2015, and it respectfully refers the Court to the November 20, 2015 letter referenced in Paragraph 29 of the Complaint for a complete and accurate statement of its contents.

30. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, except admits that the sale of Defaulted Securities did not occur.

32. GS respectfully refers the Court to the notice referenced in Paragraph 32 of the Complaint for a complete and accurate statement of its contents.

33. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, except admits that GS objects to a sale of the Defaulted Securities.

35. The allegations in Paragraph 35 of the Complaint purport to state legal conclusions as to which no response is required. To the extent that a response is required, GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. GS denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, except admits that GS did not participate in and was not in any way involved with the Trustee's decision to bring this action.

## DEFENSES

GS asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on other parties, including the Trustee.

## FIRST DEFENSE

The claims referenced in the Complaint fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The claims referenced in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD DEFENSE

The claims referenced in the Complaint are barred, in whole or in part, by waiver, estoppel, unclean hands, or laches.

## FOURTH DEFENSE

The claims referenced in the Complaint are barred, in whole or in part, by accord and satisfaction.

## FIFTH DEFENSE

The claims referenced in the Complaint are barred because of ratification, agreement, acquiescence, or consent.

WHEREFORE, GS respectfully requests judgment (a) dismissing the Complaint, (b) directing that the parties conform to their obligations set forth in the governing documents, and (c) granting such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
January 28, 2016

SCHINDLER COHEN & HOCHMAN LLP

By: ___/s/ Lisa C. Cohen_____
      Lisa C. Cohen
      Karen M. Steel
100 Wall Street, 15th Floor
New York, NY 10005
(212) 277-6300
lcohen@schlaw.com
ksteel@schlaw.com

*Attorneys for Interpleader Defendant Goldman, Sachs & Co.*