UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, *solely in its capacity as Trustee*,<br><br>                                Interpleader-Plaintiff,<br><br>    vs.<br><br>TRIAXX PRIME CDO 2006-1, LTD.; TRIAXX ASSET MANAGEMENT LLC (f/k/a ICP ASSET MANAGEMENT LLC); SOUTH TRYON, LLC; GOLDMAN SACHS & CO.; BLACKROCK FINANCIAL MANAGEMENT, INC.; and GOLDENTREE ASSET MANAGEMENT LP,<br><br>                                Interpleader-Defendants. | Case No. 1:15-cv-10172 (WHP)<br><br>**ANSWER & AFFIRMATIVE CLAIM TO THE *RES*** |

      Interpleader-Defendant South Tryon, LLC ("South Tryon"), through its undersigned counsel Quinn Emanuel Urquhart & Sullivan, LLP, as and for its Answer to the interpleader complaint (the "Interpleader Complaint") of U.S. Bank National Association ("U.S. Bank"), solely in its capacity as trustee (the "Trustee"), respectfully states as follows:

      1.      South Tryon admits the allegations set forth in Paragraph 1 of the Interpleader Complaint.[1]

      2.      South Tryon lacks sufficient information to either admit or deny the allegations set forth in Paragraph 2 of the Interpleader, and therefore denies those allegations.

      3.      South Tryon admits the allegations set forth in Paragraph 3 of the Interpleader Complaint.

---

[1] Each capitalized term used but not defined in the Answer and Affirmative Claim to the *Res* has the meaning given to that term in the Interpleader Complaint, or, if not defined in the Interpleader Complaint, has the meaning given to that term in the Indenture.

4. South Tryon lacks sufficient information to either admit or deny the allegations set forth in Paragraph 4 of the Interpleader Complaint, and therefore denies those allegations.

5. South Tryon admits the allegations set forth in Paragraph 5 of the Interpleader Complaint.

6. South Tryon admits the allegations set forth in Paragraph 6 of the Interpleader Complaint.

7. South Tryon admits the allegations set forth in Paragraph 7 of the Interpleader Complaint.

8. South Tryon admits the allegation set forth in the first sentence of Paragraph 8 of the Interpleader Complaint that Triaxx Asset Management LLC ("Triaxx") is a limited liability company organized and existing under the laws of the State of Delaware, but lacks sufficient information to either admit or deny the other allegations set forth in that sentence. South Tryon admits the allegation set forth in the second sentence of Paragraph 8 of the Interpleader Complaint that Triaxx serves as Collateral Manager for the Issuer under the Indenture and the Collateral Management Agreement.

9. South Tryon admits the allegations set forth in Paragraph 9 of the Interpleader Complaint.

10. South Tryon admits the allegation set forth in the first sentence of Paragraph 10 of the Interpleader Complaint that GS&C is a limited liability company organized and existing under the laws of the State of Delaware. South Tryon lacks sufficient information to either admit or deny the other allegations set forth in Paragraph 10 of the Interpleader Complaint, and therefore denies those allegations.

11. South Tryon admits the allegation set forth in the first sentence of Paragraph 11 of the Interpleader Complaint that GoldenTree is a limited partnership organized and existing under the laws of the State of Delaware. South Tryon lacks sufficient information to either admit or deny the other allegations set forth in Paragraph 11 of the Interpleader Complaint, and therefore denies those allegations.

12. South Tryon admits the allegations set forth in the first sentence of Paragraph 12 of the Interpleader Complaint that BlackRock is a corporation incorporated in the State of Delaware with its principal place of business in New York. South Tryon lacks sufficient information to either admit or deny the allegations set forth in the second sentence of Paragraph 12 of the Interpleader Complaint, and therefore denies those allegations.

13. South Tryon admits the allegations set forth in Paragraph 13 of the Interpleader Complaint.

14. South Tryon admits the allegations set forth in Paragraph 14 of the Interpleader Complaint.

15. South Tryon admits the allegations set forth in Paragraph 15 of the Interpleader Complaint.

16. South Tryon admits the allegations set forth in Paragraph 16 of the Interpleader Complaint.

17. South Tryon admits the allegations set forth in Paragraph 17 of the Interpleader Complaint.

18. South Tryon admits the allegations set forth in Paragraph 18 of the Interpleader Complaint.

19. South Tryon admits the allegations set forth in Paragraph 19 of the Interpleader Complaint (understanding the reference therein to Section 12(a)(ii) of the Indenture to be intended as a reference to Section 12.1(a)(2)).

20. South Tryon admits the allegations set forth in Paragraph 20 of the Interpleader Complaint.

21. South Tryon admits the allegations set forth in Paragraph 21 of the Interpleader Complaint.

22. South Tryon admits the allegation in the last sentence of Paragraph 22 of the Interpleader Complaint that the August 2015 Notice was sent by the Trustee to Noteholders via the Depository Trust Company's LENS system and posted to the Trustee's website. South Tryon lacks sufficient information to admit or deny the other allegations in Paragraph 22 of the Interpleader Complaint, and therefore denies those allegations.

23. South Tryon admits that Paragraph 23 of the Interpleader Complaint accurately summarizes the contents of the August 2015 Notice, but respectfully refers the Court to the August 15 Notice for a more complete description of the contents thereof. For the avoidance of doubt, South Tryon denies Triaxx's factual assertions contained in the August 15 Notice.

24. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 24 of the Interpleader Complaint, and therefore denies those allegations.

25. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 25 of the Interpleader Complaint, and therefore denies those allegations.

26. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 26 of the Interpleader Complaint, and therefore denies those allegations.

27. South Tryon admits the allegations set forth in Paragraph 27 of the Interpleader Complaint.

28. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 28 of the Interpleader Complaint and therefore denies those allegations.

29. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 29 of the Interpleader Complaint, and therefore denies those allegations. For the avoidance of doubt, South Tryon denies the alleged substance of GS&C's letter that "South Tryon was insisting the liquidations start on Monday, November 23, 2015," since South Tryon had been insisting on sale of the Defaulted Securities for more than four months prior to November 23, 2015.

30. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 30 of the Interpleader Complaint, and therefore denies those allegations.

31. South Tryon admits the allegation set forth in Paragraph 31 of the Interpleader Complaint that the Collateral Manager cancelled the sale of the Defaulted Securities in November 2015. South Tryon lacks sufficient information to admit or deny the allegations set forth in Paragraph 31 of the Interpleader Complaint related to the Collateral Manager's motivation in cancelling the sale of the Defaulted Securities in November 2015, and therefore denies those allegations.

32. South Tryon admits the allegations set forth in Paragraph 32 of the Interpleader Complaint.

33. South Tryon admits the allegations set forth in Paragraph 33 of the Interpleader Complaint.

34. South Tryon admits the allegations set forth in the first two sentences of Paragraph 34 of the Interpleader Complaint. South Tryon admits that the Objecting Noteholders object to the sale of the Defaulted Securities but otherwise lacks sufficient information to admit or deny the allegations set forth in the third sentence of Paragraph 34 of the Interpleader Complaint, and therefore denies those allegations.

35. South Tryon admits the allegations set forth in Paragraph 35 of the Interpleader Complaint.

36. South Tryon admits the allegations set forth in Paragraph 36 of the Interpleader Complaint as to itself but lacks sufficient information to admit or deny the allegation set forth in Paragraph 36 of the Interpleader Complaint as to the other Interpleader-Defendants, and therefore denies those allegations as to those other Interpleader-Defendants.

## ANSWER TO PLEA FOR RELIEF

South Tryon admits the allegations set forth in Paragraph (i) through (v) on pages 10 and 11 of the Interpleader Complaint, and respectfully requests that the Court enter judgment in its favor as described in the South Tryon's Affirmative Claim to the *Res*.

## **AFFIRMATIVE CLAIM TO THE *RES***

Interpleader-Defendant and Claimant South Tryon, by and through its undersigned counsel, as and for its Affirmative Claim to the *Res*, alleges upon knowledge as to itself and its own acts, and otherwise on information and belief, as follows:

### **STATEMENT OF FACTS**

1. South Tryon is a beneficial owner of $136,264,000 in original principal amount of Class A-1 Notes issued by Triaxx Prime CDO 2006-1, Ltd. ("Triaxx 06-1"). South Tryon is also the controlling certificateholder in Bank of America Funding 2012-R4 Trust, a resecuritization trust that holds approximately 82.64% of the Class A-1 Notes issued by Triaxx 06-1. With these holdings, South Tryon is the senior Noteholder with the largest beneficial interest in Class A-1 Notes issued by Triaxx 06-1.

2. The rights and obligations of Triaxx 06-1, its service providers, and its Noteholders are set forth in a suite of transactional documents including the Indenture and the Collateral Management Agreement.

3. The Indenture defines Defaulted Securities as, *inter alia*, "any Collateral Debt Security . . . that is rated 'Ca' or 'C' by Moody's or is rated 'Caa3' by Moody's and is placed by Moody's on a watchlist for possible downgrade by Moody's" or "that is rated 'CC,' 'D' or 'SD' or below (or has had its rating withdrawn) by Standard & Poor's . . . ." (Indenture § 1.1 at 13-14.)

4. The Indenture unambiguously requires the Issuer, by and through the Collateral Manager, to sell Defaulted Securities within three years. Section 12.1(a)(ii) of the Indenture provides that "the Issuer (upon the direction of Collateral Manager . . .) . . . shall sell . . . any Defaulted Security . . . within three years after such Collateral Debt Security became a Defaulted Security." (Indenture § 12.1(a)(ii).) Section 12.1(b), in turn, requires that the Collateral

7

Manager "use commercially reasonable efforts to sell . . . each Defaulted Security . . . required to be sold pursuant to Section 12.1(a)" within the same three-year time frame. (*Id.* § 12.1(b).)

5. Section 12.1(b) also sets forth specific procedures that the Collateral Manager must employ in the sale of the Defaulted Securities:

> In respect of each Defaulted Security . . . , not less than five Business Days prior to the date on which a Defaulted Security . . . must be sold in accordance with Section 12.1(a) [*i.e.*, within three years after it became a Defaulted Security], the Collateral Manager shall solicit *bona fide* bids for such Defaulted Security . . . from at least three Approved Dealers.

(*Id.*) Section 12.1(b) obligates the Issuer to sell the Defaulted Securities so auctioned "to the highest bidder." (*Id.*)

6. The Collateral Management Agreement reiterates that the Collateral Manager is required to "supervise and direct the sale . . . of Collateral Debt Securities in accordance with Article XII of the Indenture." (Collateral Management Agreement § 2(a); *see also id.* § 2(o) ("The Collateral Manager shall comply with such other duties and responsibilities as may be required of the Collateral Manager by the Indenture . . . .").)

7. Out of the securities currently held by Triaxx 06-1, there are 63 securities that meet the definition of Defaulted Security, with 49 of those having been Defaulted Securities for three years or more (the "Three Year Defaulted Securities").

## **RELIEF REQUESTED**

WHEREFORE, Interpleader-Defendant and Claimant South Tryon respectfully requests that the Court enter judgment in its favor as follows:

(a) declaring that the Three Year Defaulted Securities, listed in Appendix A hereto, constitute Defaulted Securities that became Defaulted Securities three or more years prior to the present date;

8

(b) ordering that the Collateral Manager shall effect the sale of the Three Year Defaulted Securities within ten Business Days thereof, in accordance with the procedures set forth in Section 12.1(b) of the Indenture; and

(c) ordering that the Collateral Manager use commercially reasonable efforts, in accordance with the protocols set forth in Section 12.1(b) of the Indenture, to sell all Defaulted Securities that are not Three Year Defaulted Securities within three years of the date when such Collateral Debt Securities became Defaulted Securities.

## RESERVATION OF CROSS CLAIMS

South Tryon gives notice that it reserves its right to assert claims against the Collateral Manager for any damages to South Tryon that result from, among other breaches, the Collateral Manager's failure to sell Three Year Defaulted Securities when so instructed by South Tryon in correspondence, dated July 15, 2015.

DATED:  New York, New York
        January 28, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
    Jonathan E. Pickhardt
    *jonpickhardt@quinnemanuel.com*
    Blair A. Adams
    *blairadams@quinnemanuel.com*

    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    (212) 849-7000

    *Attorneys for Interpleader-Defendant South Tryon, LLC*

## Appendix A – Three Year Defaulted Securities

| No. | Name | Reason for Default | Date |
|---|---|---|---|
| 1 | BAFC 2006-5 1A1 | S&P Downgrade | 07/22/2011 |
| 2 | BAFC 2006-6 3A1 | S&P Downgrade | 10/31/2011 |
| 3 | BOAMS 2006-2 A3 | S&P Downgrade | 07/22/2011 |
| 4 | BOAMS 2006-3 1A1 | S&P Downgrade | 07/22/2011 |
| 5 | CHASE 2007-S4 A4 | S&P Downgrade | 11/21/2012 |
| 6 | CMALT 2006-A2 A5 | S&P Downgrade | 01/19/2011 |
| 7 | CMALT 2006-A4 1A5 | S&P Downgrade | 07/26/2011 |
| 8 | CMALT 2007-A1 1A2 | S&P Downgrade | 12/14/2012 |
| 9 | CMALT 2007-A5 1A3 | S&P Downgrade | 07/31/2012 |
| 10 | CMLTI 2005-12 1A1 | S&P Downgrade | 04/01/2010 |
| 11 | CSFB 2005-4 2A5 | S&P Downgrade | 07/22/2011 |
| 12 | CWALT 2005-10CB 1A1 | S&P Downgrade | 08/11/2011 |
| 13 | CWALT 2005-11CB 3A2 | S&P Downgrade | 10/05/2011 |
| 14 | CWALT 2005-13CB A1 | S&P Downgrade | 10/05/2011 |
| 15 | CWALT 2005-28CB 1A9 | S&P Downgrade | 10/31/2011 |
| 16 | CWALT 2005-34CB 1A10 | S&P Downgrade | 10/05/2011 |
| 17 | CWALT 2005-37T1 A5 | S&P Downgrade | 10/05/2011 |
| 18 | CWALT 2005-J2 1A5 | S&P Downgrade | 10/05/2011 |
| 19 | CWALT 2006-24CB A19 | S&P Downgrade | 12/27/2011 |
| 20 | CWALT 2006-40T1 1A3 | S&P Downgrade | 11/09/2012 |
| 21 | CWALT 2006-41CB 1A1 | S&P Downgrade | 09/25/2012 |
| 22 | CWALT 2006-45T1 1A1 | S&P Downgrade | 06/14/2012 |
| 23 | CWALT 2006-7CB 1A11 | S&P Downgrade | 02/16/2012 |
| 24 | CWHL 2006-13 1A3 | S&P Downgrade | 10/29/2012 |
| 25 | CWHL 2007-3 A14 | S&P Downgrade | 07/31/2012 |
| 26 | FHAMS 2005-FA10 1A7 | S&P Downgrade | 08/11/2011 |
| 27 | FHAMS 2006-FA6 2A11 | S&P Downgrade | 07/31/2012 |
| 28 | JPMMT 2006-S3 1A14 | S&P Downgrade | 11/21/2012 |
| 29 | LMT 2006-3 1A8 | S&P Downgrade | 09/01/2009 |
| 30 | LMT 2006-4 1A2 | S&P Downgrade | 09/01/2009 |
| 31 | LMT 2006-5 1A2 | S&P Downgrade | 12/27/2011 |
| 32 | LMT 2006-7 1A2 | S&P Downgrade | 12/03/2012 |
| 33 | MSM 2006-7 4A2 | S&P Downgrade | 09/25/2012 |
| 34 | RALI 2005-QS13 2A1 | S&P Downgrade | 06/28/2012 |
| 35 | RALI 2006-QS10 A11 | S&P Downgrade | 11/19/2012 |
| 36 | RALI 2006-QS12 2A7 | S&P Downgrade | 11/23/2011 |
| 37 | RALI 2006-QS6 1A9 | S&P Downgrade | 05/19/2011 |
| 38 | RALI 2006-QS9 1A8 | S&P Downgrade | 07/26/2011 |

| 39 | RALI 2007-QS1 1A5 | S&P Downgrade | 09/25/2012 |
|----|-------------------|---------------|------------|
| 40 | RALI 2007-QS1 2A4 | S&P Downgrade | 11/23/2011 |
| 41 | RAST 2006-A10 A1 | S&P Downgrade | 12/03/2012 |
| 42 | RAST 2006-A11 1A2 | S&P Downgrade | 04/24/2012 |
| 43 | RAST 2006-A6 1A2 | Moody's Downgrade | 11/12/2010 |
| 44 | RAST 2006-A7CB 2A2 | Moody's Watchlist* | 01/14/2010 |
| 45 | RAST 2006-A8 2A5 | Moody's Watchlist* | 01/14/2010 |
| 46 | RAST 2007-A1 A3 | S&P Downgrade | 12/03/2012 |
| 47 | RFMSI 2006-S5 A1 | S&P Downgrade | 07/22/2011 |
| 48 | RFMSI 2006-S7 A1 | S&P Downgrade | 08/24/2011 |
| 49 | RFMSI 2006-S9 A8 | S&P Downgrade | 03/22/2012 |

\* Rated Caa3 by Moody's and placed by Moody's on a watchlist for possible downgrade by Moody's.